IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

M.D. MOODY & SONS, INC.,

**Plaintiff(s)**

v.

DOCKSIDE MARINE CONTRACTORS, INC., a/k/a DOCKSIDE MARINE, INC., et al.,

**Defendant(s)**

**CIVIL NO.** 06-2119 (FAB)

**MEMORANDUM AND ORDER**

On November 8, 2006, defendants removed this case from the Puerto Rico state courts, answered the complaint and filed a counterclaim (Docket Nos. 1 & 2). On November 16, 2006, plaintiff moved to dismiss "defendant's requests", which the Court construes as a motion for remand and to dismiss the counterclaim (Docket No. 4). On November 17, 2006, defendants opposed the motion (Docket No. 5). For the reasons discussed below, the Court **GRANTS** plaintiff's motion.

**DISCUSSION**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is

Civil No. 06-2119 (FAB)                                                          2

pending." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163-64 (1997).  The notice of removal "shall be filed within thirty days after receipt by the defendant, through service of otherwise, of a copy of the [Complaint]."  28 U.S.C. 1446(b).

Federal courts are courts of limited jurisdiction.  While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. Caterpillar, Inc. v. Williams, 482 U.S. 386, 391 (1987).  When a party questions the propriety of a removal petition, the removing party bears the burden of showing that removal is proper.  See, e.g., Danca v. Private Health Care Systems, 185 F.3d 1, 4 (1st Cir. 1999) (citing BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America, IAMAW District Lodge 4, 132 F.3d 824, 831 (1st Cir. 1997)). Removal statutes are strictly construed against removal.  See Rosselló-González v. Calderón-Serra, 393 F.3d 16, 27 (1st Cir. 2004) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)).  When plaintiff and defendant clash about jurisdiction, uncertainties are construed in favor of remand.  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994).

An action is removable because of diversity of citizenship "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  In this case, plaintiff is a citizen of Florida and all defendants are citizens of Puerto Rico, so there is complete diversity between the parties.  Because

Civil No. 06-2119 (FAB)                                          3

plaintiff filed its complaint in the state courts of Puerto Rico, where all are defendants citizens, however, section 1441(b) precludes them from removing the case to this Court.  "[S]ince this is not an action arising under the Constitution or laws of the United States, it is not removable under Section 1441(b) because defendants are citizens of the State in whose courts the action was brought."  Irvin Jacobs & Co. v. Levin, 86 F.Supp. 850, 852 (D.C. Ohio 1949).  "[D]efendant, being a citizen of Puerto Rico, the state in which the action was brought, removal is not possible."  Sugar Corp. of Puerto Rico v. Environeering, Inc., 520 F.Supp. 996, 998 (D.P.R. 1981).

In a desperate attempt to avoid a remand to the Puerto Rico courts, defendants argue that this Court has original jurisdiction over the case because in the answer to the complaint and counterclaim they requested a jury trial and the Seventh Amendment to the U.S. Constitution guarantees their right to a jury trial; a right not available in the Puerto Rico courts.  The argument is, however, simply without merit because the Supreme Court has repeatedly stated that the jury trial guarantee found in the Seventh Amendment is inapplicable to state-court proceedings.  See, e.g., Pearson v. Yewdall, 95 U.S. 294, 296 (1877)("We have held over and over again that art. 7 of the amendments to the Constitution of the United States relating to trials by jury applies only to the Courts of the United States."); State of Ohio ex rel. Lloyd v. Dollison, 194 U.S. 445, 447 (1904)("It is well established that the first eight articles of the amendments to the Constitution of the United

Civil No. 06-2119 (FAB)                                                   4

States have reference to powers exercised by the Government of the United States, and not to those of the states.").

Accordingly, the complaint must be remanded as the removal is improper.[1]

Nevertheless, defendants argue that, even if the complaint is remanded, the Court still has jurisdiction over the counterclaim because there is complete diversity between the parties.  Defendants rely on Fed.R.Civ.P. 41(a)(2), which provides that "[i]f a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court."  Rule 41(a)(2), however, is intended to apply in the event that the plaintiff moves for a voluntary dismissal of the complaint and its application to the circumstances of this case, where plaintiff has made no such request, is questionable.  In any event, the Court need not engage in a discussion of the rule's applicability to this case because, even if the Court could entertain the counterclaim, it is barred by the doctrines of res judicata or collateral estoppel.

M.D. Moody & Sons and Dockside Marine entered into an Equipment Rental Agreement which Dockside Marine defaulted on.   Plaintiff

---

[1] Plaintiff also raised arguments regarding the timeliness of the notice of removal pursuant to 28 U.S.C. § 1446(b), and that not all defendants joined in the notice as required by 28 U.S.C. § 1447(c).  Given the Court's decision to remand, any discussion of these issues has become unnecessary.

Civil No. 06-2119 (FAB)                                                    5

brought suit in the courts of the state of Florida, which the agreement established as the proper venue for any litigation arising therefrom.  Defendant, although served with summons, did not appear in the Florida proceeding.  On June 22, 2005, the Circuit Court for the 17th Circuit in Broward County, Florida, issued a default judgment against Dockside Marine for a total amount of $383,846.95, plus interest (the "Florida judgment") (Docket No. 4, Exh. 3). Plaintiff then sought full faith and credit of the Florida judgment in Puerto Rico by filing an action in the Commonwealth courts.  As in the proceedings in Florida, defendant was served with summons but did not appear in that proceeding either.  On July 11, 2006, the Superior Court of Puerto Rico, Bayamon Division, issued a judgment giving full faith and credit to the Florida Judgment under Article IV, Section 1 of the United States Constitution (Docket No. 4, Exh. 6).  Plaintiff then filed this complaint, seeking recovery of the Florida judgment as well as a finding that defendants contracted in bad faith and with the intent to defraud by using a misleading corporate name to sign the contract.[2]

In the counterclaim, defendants argue that the rental agreement is unenforceable and that they are not in possession of the equipment; that plaintiff fraudulently induced them into signing the agreement; that plaintiff committed common law fraud by misrepresenting ownership of the equipment; that plaintiff committed

---

[2] Plaintiff alleges that the defendants' corporate name is Dockside Marine Contractors, Inc., but that they signed the rental agreement under the name of Dockside Marine, Inc., in order to avoid their obligations under the agreement.

Civil No. 06-2119 (FAB)                                                   6

civil theft under the laws of Florida; and that they are entitled to punitive damages as a result of plaintiff's acts.  These claims are clearly geared towards the merits of the claims plaintiff raised in the original complaint it filed in Florida for the breach of the rental agreement.  By raising those claims here, defendants are attacking the validity of the Florida judgment.  Defendants could have raised these arguments in the Florida action, but instead chose to simply ignore the process.[3]  Because the Florida judgment has since become final, defendants are now precluded from bringing the claims under the doctrines of res judicata or collateral estoppel.

> Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action.  Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.

Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5 (1979).

> The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."  28 U.S.C. § 1738.

Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985).  Because the judgement subject of this case was issued by a Florida court, Florida law controls the applicability of these doctrines.

---

[3] The Court notes that defendants at no time argue that the Florida judgment is invalid because the court lacked jurisdiction or that they were not properly served with summons in that action.

Civil No. 06-2119 (FAB)                                                  7

> [U]nder Florida law, res judicata bars a second suit when a court of competent jurisdiction has entered final judgment in the first suit and the following four conditions are met:
>
> identity of the thing sued for; identity of the cause of action; identity of the parties; [and] identity of the quality in the person for or against whom the claim is made.
>
> Default judgments may constitute res judicata for purposes of both claim and issue preclusion.

Sewell v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 94 F.3d 1514, 1518 (11th Cir. 1996)(citations omitted).  "[T]he doctrine of res judicata not only bars issues that were raised, but it also precludes consideration of issues that could have been raised but were not raised in the first case."  Florida Dep't of Transp. v. Juliano, 801 So.2d 101, 105 (Fla. 2001)(emphasis added).

In this case, the four elements of res judicata are easily met, because this case is but a continuation of the complaint filed in the Florida courts and is not a new and separate course of action. This case is simply an attempt to collect on the Florida judgment. Thus, any issues that were raised or could have been raised in those proceedings cannot be relitigated.  Because defendants' counterclaims are, by their own admission, compulsory rather than permissive,[4] they should have been raised in the original action in

---

[4] Counterclaims are compulsory if one of the following tests is met:

> (1) Are the issues of fact and law raised by the claim and counterclaim largely the same?
>
> (2) Would res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?

Civil No. 06-2119 (FAB)                                                             8

the Florida court and defendants were given the opportunity to do so.  Because they chose not to, they are precluded from raising them here.  "A counterclaim which is compulsory but is not brought is thereafter barred."  Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 469 n. 1 (1974)(citing Mesker Bros. Iron Co. v. Donata Corp., 401 F.2d 275, 279 (4th Cir. 1968)).

   Accordingly, the counterclaim is barred by res judicata and must be dismissed.

### CONCLUSION

   For the foregoing reasons, the Court **GRANTS** plaintiff's motion.  Plaintiff's complaint is here by **REMANDED** to the Superior Court of the Commonwealth of Puerto Rico, Bayamon Division.  Defendant's counterclaim is hereby **DISMISSED with prejudice**.  Judgment shall enter accordingly.

   IT IS SO ORDERED.

   In San Juan, Puerto Rico, this 4th day of January 2007.


                                          s/ Francisco A. Besosa
                                          FRANCISCO A. BESOSA
                                          United States District Judge

---

   (3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?

   (4) Is there any logical relation between the claim and the counterclaim?

Eon Laboratories, Inc. v. Smithkline Beecham Corp., 298 F.Supp.2d 175, 179 (D. Mass. 2003)(citing Iglesias v. Mutual Life Ins. Co., 156 F.3d 237, 241 (1st Cir. 1998)).